# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 12-875V
Filed: April 18, 2017

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| TEREZZA JONES, | * | Not For Publication |
| | * | |
| Petitioner, | * | |
| v. | * | Interim Attorney's Fees and Costs; |
| | * | Respondent Does Not Object; |
| SECRETARY OF HEALTH | * | Protracted Litigation. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Mark Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.*
*Debra Begley, United States Department of Justice, Washington, DC, for respondent.*

## DECISION ON INTERIM ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On December 14, 2012, Kerri and Darrell Jones filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") on behalf of their then-minor child, Terezza Jones. Terezza Jones ("Ms. Jones" or "petitioner") was substituted as petitioner on June 7, 2016. Petitioner alleges that the human papillomavirus ("HPV") vaccinations that she received on December 22, 2009, and May 24, 2010, either caused or significantly aggravated her Systematic Lupus Erythematosus ("SLE") and subsequent sequelae. *See* Petition ("Pet."), ECF No. 1. On March 24, 2017, petitioner's counsel filed a motion for interim attorneys' fees and costs pursuant to Section 15(e) of the Vaccine Act. After careful consideration, the undersigned has determined to **grant the request in part** for the reasons set forth below.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.      **Procedural History**

This case was filed on December 14, 2012 and was initially assigned to Special Master Campbell-Smith. ECF Nos. 1-2. Petitioners' medical records were filed on December 26, 2012. Pet. Ex. 1-5.7, ECF Nos. 4-5. An initial status conference was held on February 27, 2013, in which petitioners were ordered to file additional medical records. Scheduling Order, ECF No. 8. This case was then reassigned to Special Master Hamilton-Fieldman. ECF No. 9. Petitioner's outstanding medical records (Pet. Ex. 6.1-6.5) and a Statement of Completion were filed on April 12, 2013. ECF Nos. 11-12. On July 10, 2013, respondent filed a Status Report ("Res. S.R.") requesting that petitioner file additional medical records. Res. S.R., ECF No. 13. Petitioner's outstanding medical records (Pet. Ex. 7.1-7.6) and a Statement of Completion were filed on August 7, 2013. ECF Nos. 14-15.

Respondent filed his Rule 4(c) Report on September 30, 2013, stating that this case was not appropriate for compensation. ECF No. 18. Petitioner was ordered to file an expert report by March 14, 2014. Non-PDF Scheduling Order, issued December 13, 2013. After requesting and receiving an extension of time, petitioner filed an expert report from Dr. Shoenfeld on April 24, 2014. Motion for Extension of Time, ECF No. 20; Pet. Ex. 8-10, ECF No. 21. Petitioner filed supporting medical literature (Pet. Ex. 11-79) via CD on May 6, 2014. ECF No. 22.

Respondent was ordered to file an expert report by August 4, 2014. Non-PDF Scheduling Order, issued May 19, 2014. After requesting and receiving an extension of time, respondent filed expert reports from Dr. Rose, Dr. Whitton, and Dr. Cetaruk. Supporting medical literature was filed on August 15, 2014. Motion for Extension of Time, ECF No. 23; Resp. Ex. A-C, ECF Nos. 24-26.

A status conference was held on November 4, 2014, in which Special Master Hamilton-Fieldman encouraged petitioners "to explain more specifically the mechanism involved in the ASIA theory, and to explain why the timing of onset makes sense in this particular case in light of the alleged mechanism." Petitioner was ordered to confer with Dr. Shoenfeld and file a status report stating whether she intended to file an expert report from a toxicologist or a supplemental report from Dr. Shoenfeld. Respondent was ordered to prepare a list of questions regarding the methodologies employed by Dr. Shoenfeld in his expert report. Scheduling Order, ECF No. 27.

On December 4, 2014, petitioner filed a status report ("Pet. S.R.") stating that she intended to file an expert report from a toxicologist as well as a supplemental expert report from Dr. Shoenfeld. Pet. S.R., ECF No. 28. Respondent filed a status report with his list of questions ("Res. S.R.") regarding Dr. Shoenfeld's report on March 6, 2015. Res. S.R., ECF No. 30.

A status conference was then held on March 31, 2015, in which petitioner was ordered to obtain and file updated medical records, and to file a supplemental expert report from Dr. Shoenfeld as well as an expert report from a toxicologist. Scheduling Order, ECF No. 31. Petitioner filed a motion for authority to issue a subpoena on April 7, 2015, which was granted. ECF Nos. 32, 33. Petitioner filed updated medical records on June 30, 2015, and again on July 14, 2015. Pet. Ex. 80, 81.1-81.4, ECF Nos. 37, 41.

This case was reassigned to me on October 22, 2015. ECF No. 45. On October 30, 2015, petitioners filed a status report ("Pet. S.R.") stating that they no longer intended to file a report from a toxicologist, and intended to proceed solely with Dr. Shoenfeld. Pet. S.R., ECF No. 47. A status conference was held on December 16, 2015, in which respondent's counsel raised the concern that, in another Vaccine Program case, Dr. Shoenfeld abandoned his theory involving ASIA two months before a hearing. Respondent's counsel requested confirmation that petitioner intended to pursue the aluminum adjuvant theory of causation. Petitioner was ordered to file a status report notifying the court if Dr. Shoenfeld intended to abandon the aluminum adjuvant theory. Petitioner was also ordered to file a supplemental expert report in which Dr. Shoenfeld addressed the questions that had been raised by respondent's status report filed on March 6, 2015. Scheduling Order, ECF No. 48.

On February 26, 2016, petitioner filed a status report ("Pet. S.R.") stating that Dr. Shoenfeld's opinion is not that the aluminum adjuvant was the sole cause of petitioner's injury, but rather that the aluminum adjuvant combined with other factors, including genetic susceptibility, caused petitioner's injury. Pet. S.R., ECF No. 54. Petitioner filed updated medical records on March 9, 2016, and a supplemental report from Dr. Shoenfeld on April 1, 2016. Pet. Ex. 82-83, ECF Nos. 55-56. Respondent filed supplemental expert reports from Dr. Rose and Dr. Whitton and supporting medical literature on September 2, 2016 in response thereto. Resp. Ex. D-E, ECF No. 62.

A status conference was held on October 13, 2016, in which the parties were ordered to discuss dates for a four day hearing to take place in either June or July of 2018. Scheduling Order, ECF No. 63. On December 13, 2016, a four day entitlement hearing was set for July 17-20, 2018. Prehearing Order, ECF No. 65.

On March 24, 2017, petitioner filed a Motion for Attorneys' Fees and Costs ("Motion for Fees") requesting $54,367.61 in interim fees and $12,144.50 in interim costs, for a total of $66,512.11 in fees and costs. Motion, Exhibit A, at 24-25. Respondent filed a response ("Response") on April 10, 2017, indicating that while respondent "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award," respondent was otherwise "satisfied the statutory requirements for an award of attorneys' fees and costs" have been met. Response at 2, ECF No. 68. Petitioner filed a reply on April 14, 2017. ECF No. 69.

This matter is now ripe for decision.

##  II.     Applicable Law

In general, the Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). Determining whether an application for fees is reasonable is a matter within the discretion of the presiding special master. *See Carrington v. Sec'y of HHS*, 85 Fed. Cl. 319, 322-23 (2008). Special masters are afforded considerable discretion when considering motions for attorney fees. For instance, it is within a special master's discretion to reduce fees *sua sponte*, without warning to petitioners. *Sabella v. Sec'y of HHS*, 86 Fed. Cl. 201, 208-09 (Mar. 2, 2009).

### III.     Discussion

Interim fees may be paid at the discretion of the special master. *See Avera v. Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008) ("Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.") Additionally, "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d, 1372 1375 (Fed. Cir. 2010). This case has currently been pending for over four years. Due to the special master's full hearing schedule, an entitlement hearing for this matter had to be set for July of 2018. Therefore, an award of interim fees and costs is appropriate so that counsel is not unduly financially burdened during protracted litigation.

Petitioner requests the following rates:

|  | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|
| **Attorneys** | | | | | | |
| Mark Sadaka | 337.05 | 337.05 | 350 | 350 | 362.95 | 376.38 |
| Anna Sweeney | 185.47 | 192.60 | 200 | 207.40 | 215.07 | 223.03 |
| Andrew Pinion | | | 200 | 207.40 | 215.07 | 223.03 |
| **Paralegals** | | | | | | |
| Keri Congiusti | 125.19 | 130.01 | 135 | 135 | 140 | 145.17 |
| Nicole Clauberg | | 130.01 | 135 | 135 | 140 | 145.17 |
| Stephanie Keller | | 130.01 | 135 | 135 | 140 | 145.17 |
| Latashia Vauss | | | | 135 | 140 | 145.17 |
| Nashwa Shalaby | | | | 135 | 140 | 145.17 |
| Melina Fotiou | | | | | 140 | 145.17 |
| Ailona Parker | | | | | 140 | 145.17 |

Motion at 3-4. Hourly rates for Mr. Sadaka, his associates, and his paralegals were recently discussed in a decision by Special Master Gowen, *Siciliano v. Sec'y of Health & Human Servs.*, No. 15-253V, 2017 WL 117449 (Fed. Cl. Spec. Mstr. Feb. 21, 2017). Special Master Gowen found that the requested rates for Mr. Sadaka and his associates were in line with *McCulloch* and were reasonable. *Id*. at 3; *see also McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).[3] However, Special Master Gowen also concluded that, based on the varying qualifications and experience of the paralegals, it was appropriate to adjust the hourly rates for certain paralegals. *Id*. at 4. He awarded Ms. Clauberg and Ms. Parker hourly rates of $130 for 2014 and 2015, and applied the 3.7% rate of inflation from McCulloch to the other years. *Id*. I find Special Master Gowen's decision to be well-reasoned and I hereby follow his approach. Accordingly, the hourly rates will be adjusted as follows:

---

[3] There was no billing submitted for Mr. Sadaka for 2017, so Mr. Sadaka's billing rate for 2017 will be neither discussed nor accepted in this decision.

|  | 2013 | 2014 | 2015 | 2016 | Total |
|---|---|---|---|---|---|
| Requested Rate | $130.01 | $135 | $135 | $140 | N/A |
| Adjusted Rate | $125.36 | $130 | $130 | $134.81 | N/A |
| Difference | - $4.65 | - $5 | - $5 | - $5.19 | N/A |
| Hours | 5.1 | 6.9 | 5.8 | 0.6 | |
| Deduction from Fee Award | - $23.72 | - $34.50 | - $29 | - $3.11 | **- $90.33** |

Melina Fotiou was the only person to bill hours for 2017; she billed 0.10 hours, or six minutes. No explanation was submitted for why Ms. Fotiou's rates should be increased; therefore, she is being paid at the 2016 hourly rate of $140 set forth in *Siciliano*. Therefore, petitioner's interim fee award will be reduced a further $00.52. Having reviewed the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. I therefore reduce the billing as set forth above.

### IV.    Costs

Petitioner has requested $12,144.50 in interim costs, including $8,500 in expert fees for Dr. Shoenfeld and $3,137.01 in costs associated with obtaining medical records. Motion, Exhibit A, at 25. These costs appear to be reasonable and appropriate; therefore, I see no need to reduce them.

### V.    Total Award Summary

For the reasons contained herein, **the undersigned awards a lump sum of $66,421.26 in the form of a check payable jointly to petitioner, Terezza Jones, and petitioner's counsel, Mark Sadaka.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).