# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-875V
Filed: October 18, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| TEREZZA JONES, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Human Papillomavirus ("HPV") |
| v. | * | Vaccine; Systemic Lupus |
| | * | Erythematosus ("SLE") |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Mark Sadaka, Esq.*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Debra Begley, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On December 14, 2012, Kerri and Darrell Jones filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their then-minor child, Terezza Jones. Terezza Jones ("Ms. Jones" or "petitioner") was substituted as petitioner on June 7, 2016. Petitioner alleges that the human papillomavirus ("HPV") vaccinations that she received on September 29, 2009, December 22, 2009, and May 24, 2010, either caused or significantly aggravated her Systemic Lupus Erythematosus ("SLE") and subsequent sequelae. Stipulation at

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

¶¶ 1-4, ECF No. 82. Respondent denies that any of the aforementioned immunizations caused or significantly aggravated petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On October 18, 2018, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payments:

(1) **A lump sum of $5,000.00 in the form of a check payable to petitioner, Terezza Jones, and**

(2) **An amount of $77,000.00** to purchase the annuity contract described in paragraph 10 of the stipulation**.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                           **s/ Mindy Michaels Roth**
                                           Mindy Michaels Roth
                                           Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| TERREZZA JONES, | \* |
| | \* |
| Petitioner, | \*    No. 12-875V |
| | \*    Special Master |
| v. | \*    Mindy Michaels Roth |
| | \* |
| SECRETARY OF HEALTH AND | \* |
| HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of Human Papillomavirus vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received HPV vaccines on September 29, 2009, December 22, 2009, and May 24, 2010.

3. These vaccines were administered within the United States.

4. Petitioner alleges that she developed systemic lupus erythematosus ("SLE") that was caused-in-fact and/or significantly aggravated by the HPV vaccines and that she has experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner's alleged SLE, or any other injury, was caused-in-fact and/or significantly aggravated by the HPV vaccinations.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $5,000.00, in the form of a check payable to petitioner, and

   b. An amount of $77,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner pursuant to which the Life Insurance Company will agree to make payment to petitioner as follows:

a. On February 5, 2023, a lump sum payment of $16,750.00; and

b. On February 5, 2028, a lump sum payment of $82,388.00.

The purchase price of the annuity shall be $77,000.00. Payment 10(a) is funded by 20% of the purchase price, and payment 10(b) is funded by 80% of the purchase price ("20/80 split"). In the event that the cost of the annuity payments set forth above varies from $77,000.00, the payments outlined above shall be adjusted up or down to ensure the total annuity premium of the annuity contract shall remain fixed at exactly $77,000.00 and that the payments are based on a 20/80 split of the annuity premium. Should petitioner predecease any payment(s) to be made on the dates specified above, the payment(s) shall be made to her estate. However, written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amount set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure the future annuity payment. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to the future annuity payment.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action

4

(including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from HPV vaccinations administered on September 29, 2009, December 22, 2009, and May 24, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about December 14, 2012, in the United States Court of Federal Claims as petition No. 12-875V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner's alleged SLE, or any other condition, was caused-in-fact and/or significantly aggravated by the HPV vaccinations.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*/s/ Terrezza Jones*
TERREZZA JONES

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ Mark T. Sadaka*
MARK T. SADAKA
Sadaka and Associates LLC
155 North Dean Street, 4th Floor
Englewood, NJ 07631
(201) 266-5670

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director
Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Debra A. Filteau Begley*
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

Dated: October 16, 2018