# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 12-875V
Filed: July 31, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TEREZZA JONES, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | |
| v. | \* | Motion for Reconsideration; |
| | \* | Vaccine Rule 10(e); Travel Costs; |
| SECRETARY OF HEALTH | \* | Decision on Attorneys' Fees and |
| AND HUMAN SERVICES, | \* | Costs |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Mark Sadaka, Esq.,* Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Debra Begley, Esq.,* US Department of Justice, Washington, DC, for respondent.

## RULING ON MOTION FOR RECONSIDERATION AND DECISION ON ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On June 13, 2019, respondent filed a Motion for Reconsideration of the undersigned's Decision on Attorneys' Fees and Costs, issued on May 30, 2019. Motion, ECF No. 93. Specifically, respondent requested that the undersigned reconsider the reasonableness of petitioner's requested out-of-pocket costs. *Id*. at 1. Upon review of petitioner's receipts and other travel costs, respondent's request is GRANTED.

### I. Procedural History

The petition was filed on December 14, 2012. ECF No. 1. This matter proceeded on a litigation track for several years, with both parties filing multiple expert reports. *See, e.g.*, Pet. Ex. 8, ECF No. 21; Resp. Ex. A, ECF No. 24; Resp. Ex. B, ECF No. 25; Resp. Ex. C, ECF No. 26;

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

Pet. Ex. 83, ECF No. 56; Resp. Ex. D-E, ECF No. 62. An entitlement hearing was scheduled for July 17, 2018. *See* Prehearing Order, ECF No. 65.

On April 18, 2017, I issued a Decision awarding petitioner $66,421.26 in interim attorneys' fees and costs. Decision, ECF No. 70. Subsequently, the parties entered in to alternative dispute resolution proceedings and reached a settlement. *See* ECF Nos. 74, 82. On October 18, 2018, I issued a Decision awarding petitioner compensation based on the parties' stipulation. ECF No. 83.

On February 27, 2019, petitioner filed a Motion for Attorneys' Fees and Costs ("Motion for Fees") requesting $19,366.55 in fees and $929.12 in costs, for a total of $20,295.67 in fees and costs. Motion for Fees, Ex. A at 6-7, ECF No. 87. Petitioner represented that she incurred $3,231.21 in out-of-pocket expenses for travel for herself and both of her parents to Washington, D.C. to attend mediation proceedings. Motion for Fees at 2.

Respondent filed a response ("Resp. Response") on March 14, 2019, indicating that respondent was "satisfied the statutory requirements for an award of attorneys' fees and costs" have been met and requested "that the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp. Response at 2-3, ECF No. 90.

Petitioner filed a reply ("Pet. Reply") on March 18, 2019, clarifying that her travel costs included three airline tickets at $702.40 each and a hotel bill for $682.40 for a three-night stay. Pet. Reply at 1-2, ECF No. 91.

On May 30, 2019, I issued a Decision awarding petitioner $20,295.67 in attorneys' fees and costs and fully reimbursing petitioner's request for out-of-pocket expenses in the amount of $3,231.21. ECF No. 92.

On June 13, 2019, respondent file a Motion for Reconsideration ("Mot. Recons.") pursuant to Rule 59(a) requesting that I reconsider my determination that petitioner's out-of-pocket costs were reasonable. ECF No. 93. Respondent argued that petitioner's travel costs "did not appear to be limited solely to participation in the mediation." *Id*. at 3 n.1. Respondent further submitted that "it was incumbent on the Special Master to explain why" petitioner's hotel and food costs were reasonable. *Id*. at 4.

I withdrew my May 30, 2019, Decision on Attorneys' Fees and Costs in order to properly rule on respondent's Motion for Reconsideration. Order, ECF No. 94.

In response to respondent's Motion for Reconsideration, petitioner filed a "Revised Application for Petitioner's Costs" ("Revised Costs") on June 28, 2019. ECF No. 95. Petitioner reduced her requested out-of-pocket costs from $3,231.21 to $2,977.70. *Id*. at 2.

On July 5, 2019, respondent filed a reply ("Resp. Reply"), submitting that petitioner's revised request of $2,977.70 be reduced by an additional $34.49, for a total of $2,943.21. ECF No. 96.

This matter is now ripe for decision.

## II. Respondent's Motion for Reconsideration

### A.   Legal Framework

Vaccine Rule 10(e) governs motions for reconsideration. It is within a special master's discretion to grant or deny the motion "in the interest of justice." Vaccine Rule 10(e)(3). Special masters have construed the "interest of justice" standard articulated in Vaccine Rule 10(e)(3) as a lesser standard than the showing of "manifest injustice" required by RCFC Rule 59(a). *See, e.g., R.K. v. Sec'y of Health and Human Servs.,* No. 03-632V, 2010 WL 5572074, at *5 (Fed. Cl. Spec. Mstr. Nov. 12, 2010). Moreover, Vaccine Rule 10 provides a special master with "significant discretion to determine in a particular case what result is in the interest of justice." *McAllister v. Sec'y of Health and Human Servs.,* No. 03-2476V, 2011 WL 6000606, at *1 (Fed. Cl. Spec. Mstr. Oct. 6, 2011). Additionally, special masters are not required to provide "a detailed order denying every argument for reconsideration." *Doe/17 v. Sec'y of Health and Human Servs.,* 84 Fed. Cl. 691, 704 n.18 (2008).

### B.   Discussion

In his Motion for Reconsideration, respondent objected to several travel costs for which petitioner requested reimbursement. Specifically, respondent noted that petitioner "requested reimbursement for food expenses starting on June 5, 2019 and ending on June 10, 2019" and "submitted a travel itinerary receipt for three nights of lodging starting on June 5, 2019, and ending on June 8, 2019, for which she paid $683.31…" Mot. Recons. at 3. Additionally, respondent pointed out that petitioner submitted a receipt indicating a $34.49 purchase at CVS pharmacy, without explanation. *Id*. Respondent stated that, because "the mediation in this case was scheduled only for a half-day on June 7, 2018," it was not reasonable for petitioner to be reimbursed for extra days of lodging and food costs. *Id*. at 4.  Respondent argued, "Although a Special Master need not perform a line-by-line analysis…there is no indication in the Decision that the Special Master noted that expenses spanning a period of six days were reasonable and justifiable." *Id*.

In her Revised Application for Petitioner's Costs, petitioner explained she traveled to Washington, D.C. on June 5, 2018, and departed on June 8, 2018; however, the credit card statements provided to document some of her costs "reflect transaction dates when the charges were applied to her account, rather than the actual dates" which is why some of the costs appear to have been incurred after June 8. Rev. Costs at 1-2. Petitioner further submitted that, when exploring flight costs, "it was cheaper for her to travel on June 5, 2018, instead of June 6, 2018," but did not have documentation to reflect this information. *Id*. at 2. Accordingly, petitioner agreed to modify "her request for reimbursement from three nights to two nights, reducing her request for hotel stay from $682.36 to $454.91, waving the one night at $227.45." *Id*. Additionally, petitioner agreed to modify her requested costs to exclude the costs of a meal purchased on June 5 ($17.11) and the cost of parking on June 5 ($8.95). *Id*.

In his subsequent reply, respondent agreed with petitioner's proposed reduction in costs but advocated that petitioner's costs should also exclude the $34.49 incurred at a CVS pharmacy, because petitioner had "not offered any explanation for that expense." Resp. Reply at 1. Respondent submitted that the overall reduction from petitioner's application should include

3

$227.45 (hotel expenses for one extra night); $17.11 (meals for June 5, 2018); $8.95 (one extra day of parking); and $34.49 (CVS charge on June 5, 2018), for a reduction of $288.00, resulting in an award of $2,943.21. *Id.* at 1-2.

Respondent is correct that a petitioner's request for reimbursement of costs must be reasonable. Indeed, "[p]etitioners are not given a blank check to incur expenses…" *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Upon further review of petitioner's requested out-of-pocket costs, it appears that some of the requested costs are not reasonable, and respondent's suggested reductions are appropriate.

As respondent pointed out, the mediation attended by petitioner and her parents took approximately half of the day on June 7, 2018. It is understandable that petitioner would arrive in Washington, D.C., the day before the mediation, and the day after the mediation. Without documentation from petitioner indicating otherwise, however, I cannot deem it reasonable that petitioner would arrive in D.C. two days before the mediation was scheduled to take place. *See Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2011 WL 2531199, at *13 (Fed. Cl. Spec. Mstr. June 3, 2011), *mot. for rev. denied*, 102 Fed. Cl. 719 (2011) (special master denied costs of lodging and food for traveling to D.C. two days ahead of hearing).

Moreover, providing documentation for a claimed cost does not necessarily make it reasonable. *See, e.g., Gabbard v. Sec'y of Health & Human Servs.*, No. 99-451V, 2009 WL 1456434, at *8-9 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (special master denied compensation for petitioner's purchase of clothing to attend a hearing, despite documentation). In the instant matter, petitioner has provided a credit card statement documenting a $34.49 purchase at CVS. However, petitioner has offered no explanation for this cost or why it was reasonable for petitioner to incur it. Therefore, I cannot assess the reasonableness of this claimed cost and it cannot be compensated.

Accordingly, in the interest of justice, petitioner's requested costs are reduced from $3,231.21 to $2,943.21.

### III. Petitioner's Motion for Attorneys' Fees and Costs

**A.    Legal Framework**

Because my original Decision on Attorneys' Fees and Costs was withdrawn to properly rule on respondent's Motion for Reconsideration, petitioner's application for attorneys' fees and additional costs will now be addressed. The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award so long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was compensated for her injury, she is entitled to a reasonable award of attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial

4

estimate of a reasonable attorneys' fees" is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1349-48 (quoting *Blum v. Stenson*, 465 U.S. 889, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and costs and may adjust a request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella*, 86 Fed. Cl. at 209. Special masters need not engage in a line-by-line analysis of petitioners' fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

**B.   Discussion**

   **1. Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[2]

Petitioner requests that her attorney, Mark Sadaka, be compensated at the following forum hourly rates: $376.38 for work performed in 2017, $396.00 for work performed in 2018, and $405.00 for work performed in 2019. Motion for Fees at 3. These rates are consistent with what

---

[2] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited July 31, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited July 31, 2019); Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2018, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf (last visited July 31, 2019); Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2019,
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf (last visited July 31, 2019).

5

Mr. Sadaka has been awarded for his work in the Vaccine Program.[3] *See, e.g, Taylor v. Sec'y of Health & Human Servs.*, No. 13-700V, 2018 WK 6291355, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2018). Accordingly, the requested rates are reasonable.

### 2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the number of hours expended in this case appear to be reasonable. Accordingly, $19,366.55 is awarded in attorneys' fees.

### 3. Reasonable Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira,* 27 Fed. Cl. at 34. Petitioner requests a total of $929.12 in attorneys' costs. Motion for Fees, Ex. A, at 6-7. The requested costs consist of $808.16 in travel costs, $1.41 in mailing costs, and $119.55 in costs associated with acquiring medical records. *Id*. Petitioner did not provide sufficient documentation for $1.41 in mailing costs. *See generally* Motion for Fees, Ex. B. Accordingly, petitioner's costs are reduced by $1.41. Thus, petitioner is awarded $927.71 in attorneys' costs.

---

[3] There was no billing submitted for Mr. Sadaka for 2019, so his billing rate for 2019 will be neither discussed nor accepted in this decision.

6

## IV. Conclusion

Based on the foregoing, the undersigned awards attorneys' fees and costs as follows:

1) **A lump sum in the amount of $20,294.26,** representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check made payable jointly to **petitioner and petitioner's counsel, Mark Sadaka, Esq.; and**

2) **A lump sum in the amount of $2,943.21,** representing reimbursement for petitioner's costs, in the form of a check made payable solely to **petitioner, Terezza Jones**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court shall enter judgment in accordance herein.[4]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).